FILED

Joscelin Thomas
27645 Longmeadow Ct.
Moreno Valley, CA 92555
joscelin.thomas@gmail.com

2016 AUG 30  PM 2:33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Joscelin Thomas;
*Plaintiff*

v.

COLLECTO, INC. d/b/a/ EOS CCA

*Defendants*

ED CV16-01859 SVW (DTBx)

**VERIFIED COMPLAINT**

## INTRODUCTION

1. This is an action brought for damages out of violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. (hereinafter "ROSENTHAL, Fair Credit Reporting Act (hereinafter "FCRA") *15 U.S.C. § 1681 et seq.*, and Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, et seq.

## PRELIMINARY STATEMENT

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which is harassing, oppressive or abusive practices by debt collectors; "it also requires debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt. FDCPA 15 U.S.C. § 1692, et seq.

3. Defendant is debt collectors, a third party, who engage in the business of collecting or attempting to collect debts owed to another person. Defendant's uses instrumentality of interstate commerce by telephone or the mails…that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed.

4. The TCPA restricts the making of telephone calls to phones to any person within the United States to initiate any telephone call using an artificial or prerecorded voice to deliver a message with the prior express consent of the called party". TCPA 47 U.S.C. § 227, et seq.

## JURISDICTION and VENUE

5. This court has Jurisdiction pursuant to 15 U.S.C. § 1692k (d), 15 U.S.C. §1681p, 28 U.S.C § 1331, and 28 U.S.C § 1367, any claim under the state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b).

7. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California.

8. Venue is proper in the Central District of California.

## PARTIES

9. The Plaintiff in this lawsuit is Joscelin Thomas (hereinafter "Plaintiff"), is a natural person, who at all times relevant herein are a resident of Riverside County, California.

10. The Defendant in this lawsuit is Collecto, Inc. d/b/a EOS CCA ("COLLECTO" or "Defendant"). For all relevant parts COLLECTO name was identified within communication to Plaintiff. COLLECTO is a debt collection company who at all relevant times was engaged, by the use of mailing, and in the business of attempting to collect a "debt" from Plaintiff, as defined by FDCPA 15 U.S.C. §1692a(5).

11. COLLECTO is a "debt collector" as defined by FDCPA 15 U.S.C. §1692a(6).

## STATEMENT OF FACTS

12. Defendants used instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debt, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due by or to another person or entity.

13. On or about May of 2016, COLLECTO acquired an account (that is, an alleged debt) belonging to another party, not Plaintiff. On or about May of 2016, COLLECTO paid a "skip trace" service provider, and stored the information onto Ontario FACS, for contact and telephone numbers related to another party (not Plaintiff). Among the data Ontario FACS provided was a cell phone number (951) xxx-0044 ("0044"). That number however was assigned to subscriber Joscelin Thomas (Plaintiff) Verizon cellular telephone.

14. From May 31 to June 6, Plaintiff received multiple calls at the 0044 number from COLLECTO. Plaintiff answered a few of those calls from COLLECTO, and COLLOCTO may have left one automotive voice-mail message.

15. COLLECTO collectors called Plaintiffs' cellular phone number 0044 from an unknown number (855) 974-6105 on May 31, 2016 at 1:36 p.m., and asked about another party. *See* (Plaintiff's Decl. ¶2; Exh. A1-2.).

16. On June 1, 2016 at 10:50 a.m., Plaintiff called the unknown number (855) 974-6105, to inform COLLECTO they called the wrong party, not to call her anymore, and at no point in time did Plaintiff consent to being called by COLLECTO. *See* (Plaintiff's Decl. ¶3; Exh. A 1-2.).

17. Plaintiff subsequently mailed a letter on June 1, 2016, and instructed COLLECTO to cease and desist any contact to her cell phone number 0044, by delivering into U.S. Postal mail box. *See* (Plaintiff's Decl. ¶4; Exh. B.).

18. On June 1, 2016 at 3:44 p.m., COLLECTO called Plaintiff's cell number 0044, thus Defendant failed to adhere to Plaintiffs' verbal cease calling made to them on June 1, 2016 at 10:50 a,m. *See* (Plaintiff's Decl. ¶5; Exh. A1-2.).

19. After Plaintiff made it clear that she was not accepting their calls, and not call her cell phone anymore, COLLECTO continued further calls anyway, she then became the intended party of calls using ATDS, which violated TCPA pursuant to 47 U.S.C. § 227 et seq.

20. COLLECTO made multiple subsequent calls to Plaintiffs' cellular phone 0044 on June 2, 2016 at 12:40 p.m., June 3, 2016 at 10:47 a.m. and June 6, 2016 at 10:11 a.m. *See* (Plaintiff's Decl. ¶6; Exh. A 1-2.).

21. Calls made by COLLECTO as mentioned on ¶¶ 15, 18, & 20, were made with predictive dialer and equipment capable of usage of ATDS.

22. Calls to Plaintiff from Defendant were made with equipment capable of an ATDS, pre-recorded messages, failing to leave identity, without having Plaintiff express consent to do so and were also non-emergency calls, violation pursuant to TCPA 47 U.S.C. § 227(b)(1)(A).

23. While Defendant may not have intended to call Plaintiff the first time, after Plaintiff made it abundantly clear of the nature of their calls were to the wrong person, annoying, harassing and to cease, and Defendant continued calls to Plaintiffs' cellular phone, she at this point became the recipient of violated calls within the meaning of TCPA.

24. The initial communication dated on May 31, 2016, and subsequent communications to Plaintiff from COLLECTO **continued violations within the meaning of** FDCPA 15 U.S.C. § 1692 c(c), § 1692e, & § 1692d(5).

25. Violation of TCPA, FDCPA and Rosenthal brought forth herein are within the statute of limitations as defined in U.S.C. § 227(b)(3)(B), § 1692k(d) and Cal. Civ. Code 1788.30(f).

COUNT I
VIOLATION OF THE FCDPA 15 U.S.C. § 1692, et seq.
By DEFENDANT COLLECTO

26. Plaintiff restates and re-alleges herein all previous paragraphs 1-25.

27. WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a) Plaintiff seeks judgment in the amount of $1000.00 damages against COLLECTO, pursuant to

15 U.S.C. § 1692(k);

b) Awarding Plaintiff any attorney's fees and cost incurred in this action;

c) Even after Plaintiff made it abundantly clear of the nature of their calls were to the wrong person, annoying, harassing and to cease, Defendant continued calls to Plaintiffs' cellular phone;

d) Defendant's COLLECTO, violated 15 U.S.C § 1692c(c), by blatantly failing after initiating initial communication and subsequent communications to Plaintiff, failing to cease, yet caused Plaintiff phone to ring multiple times after receiving cease and desist verbally and written communications;

e) COLLECTO violated 15 U.S.C § 1692e, by making false, deceptive, or misleading representation in the character, after receiving cease verbally and written communications;

f) Defendant's COLLECTO violated 15 U.S.C § 1692d (5) by causing Plaintiff phone to ring, which were harassing, oppressive and annoying in attempts to collect an alleged debt that did not belong to Plaintiff; Defendant persisted in calling her cell phone after she had informed them of that fact of non-debtor and requested Defendant to stop calling;

g) Awarding such other and further relief as the Court may deem just and proper;

## COUNT II
### VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788, et seq.
### By DEFENDANT COLLECTO

28. Plaintiff restates and re-alleges herein all previous paragraphs 1-25.

29. Pursuant to § 1788.2(C) the Defendant's are debt collectors, a person who in the ordinary course of business, regularly, on behalf of herself or others, engages in debt collection.

30. Defendant are subject to the Rosenthal Fair Debt Collection Act Cal. Civil Code § 1788, et seq.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Plaintiff seeks judgment in the amount of $1000.00 damages against COLLECTO, pursuant to 15 U.S.C. § 1692(k);

b)  Awarding Plaintiff any attorney's fees and cost incurred in this action;

c)  Even after Plaintiff made it abundantly clear of the nature of their calls were to the wrong person, annoying, harassing and to cease, Defendant continued calls to Plaintiffs' cellular phone;

d)  Defendant's COLLECTO, violated 15 U.S.C § 1692c(c), by blatantly failing after initiating initial communication and subsequent communications to Plaintiff, failing to cease, yet caused Plaintiff phone to ring multiple times after receiving cease and desist verbally and written communications;

e)  COLLECTO violated 15 U.S.C § 1692e, by making false, deceptive, or misleading representation in the character, after receiving cease verbally and written communications;

f)  Defendant's COLLECTO violated 15 U.S.C § 1692d (5) by causing Plaintiff phone to ring, which were harassing, oppressive and annoying in attempts to collect an alleged debt that did not belong to Plaintiff; Defendant persisted in calling her cell phone after she had informed them of that fact of non-debtor and requested Defendant to stop calling ;

g)  Awarding such other and further relief as the Court may deem just and proper;

h)  Awarding Plaintiff post-judgment interest as allowed under the law Defendant violated ROSENTHAL 1788.13(l) any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.

i)  Defendant violated § 1788.17, et seq. of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, et seq.

### COUNT III
### VIOLATION OF THE TCPA 47 U.S.C. § 227, et seq.
### By DEFENDANT'S COLLECTO

j)  Plaintiff restates and re-alleges herein all previous paragraphs 1-25.

k)  WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Plaintiff demands judgments for damages against COLLECTO, for statutory damages and cost, pursuant to 47 U.S.C. §227 (b)(3)(B);

b) Calls to Plaintiff from Defendant were made with equipment capable of an Automatic Telephone Dialing System (ATDS), pre-recorded messages, failing to leave identity, without having Plaintiff express consent to do so and were also non-emergency calls, violation pursuant to TCPA 47 U.S.C. § 227(b)(1)(A);

c) Even after Plaintiff made it abundantly clear of the nature of their calls were to the wrong person, annoying, harassing and to cease, Defendant continued calls to Plaintiffs' cellular phone;

d) The undisputed evidence will demonstrate that Defendant called Plaintiffs' cellular phone five (5) times. Plaintiff therefore is entitled to at least $500 per call.

e) Plaintiff had no business relationship as defined by 47 U.S.C. §227 (a)(2), with COLLECTO, and she had not ever given permission for them to call her, and demanded them to cease any contact with her, thus they failed to do so;

f) The TCPA provides a private right of action as stated in 47 U.S.C. 227(b)(3)(B), damages of $500.00 each violation (each call), totaling at five (5);

g) Awarding such other and further relief as the Court may deem just and proper;

h) Awarding Plaintiff post-judgment interest as allowed under the law.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues as triable as matter of law.

Date: August 30, 2016

_Joscelin Thomas, Plaintiff Pro Se'_

VERIFIED COMPLAINT   Page 7 of 8

## VERIFICATION

Plaintiff certify that Plaintiff Joscelin Thomas has read the pleadings set forth herein, and that to the best of her knowledge, information and belief, formed after reasonable inquiry, believes that she is well grounded in facts and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that they are not interposed for any improper purpose such as or needlessly increase the cost of litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the City of Moreno Valley, County of Riverside, and State of California.

Date: August 30, 2016

_____
Joscelin Thomas, Plaintiff Pro Se'

## PROOF OF SERVICE

I Robert Rhodes, am a citizen of the United States and reside in Riverside County of California. I am over the age of 18 years old. On August 30, 2016, I served the document, VERIFIED COMPLAINT to person or agent of Collecto, Inc., EOS CCA:

I declare under perjury under the laws of the United States that the above is true and correct and was executed on August 30, 2016.

*Robert Rhodes*
Robert Rhodes